# **<u>EXHIBIT A</u>**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DAWAUN LUCAS, et al., individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>SMILEDIRECTCLUB, INC. and SMILEDIRECTCLUB, LLC,<br><br>    Defendants. | Case No. 2:20-cv-06059-VAP-E<br><br>**DECLARATION OF JUSTIN SKINNER IN SUPPORT OF MOTION TO DISMISS PLAINTIFF HOOPER'S AND TASIN'S CLAIMS UNDER RULE 12(B)(3) AND MOTION TO TRANSFER ENTIRE ACTION UNDER SECTIONS 1406(A) AND 1404(A)**<br><br>Judge: Honorable Virginia A. Phillips |

I, Justin Skinner, declare, under penalty of perjury, that I am of legal age and sound mind and, based upon personal knowledge, due investigation and review of records kept in the ordinary course of business, that the following facts are true and correct.

1. I am the Chief Technology Officer at SmileDirectClub, LLC ("SDC, LLC"). I have held this position since December 2018.

2. I have reviewed and am familiar with the Complaint in the action entitled *Lucas, et al. v. SmileDirectClub, Inc., et al.*, No. 2:20-cv-06059 (the "Complaint").

3. In my position as CTO, I have personal knowledge of the SmileDirectClub account creation process and have reviewed the data kept in the ordinary course of business reflecting the account creation and history of the plaintiffs identified in the Complaint, including David Dominguez Hooper and Mete Tasin. I also have personal knowledge of the text message platform at issue in the Complaint, which was developed by Twilio, Inc.

4. On June 19, 2018, Plaintiff Hooper created a SmileDirectClub account online and scheduled an appointment at a retail location known as a SmileShop. In creating his account, Plaintiff Hooper provided a contact address in Berkeley, California. The SmileShop he visited was in Oakland, California.

5. On December 7, 2019, Plaintiff Tasin created a SmileDirectClub account online and scheduled an appointment at a SmileShop. In creating his account, Plaintiff Tasin provided a contact address in Redwood City, California. The SmileShop he visited was in Redwood City, California.

6. Plaintiffs Hooper and Tasin visited SmileShops in Northern California, where each provided information about their dental histories and chief complaints and learned about the teledentistry platform that SDC, LLC enables for the provision of clear aligner therapy by state licensed dentists and orthodontists to their patients. Their information and draft treatment plans were sent to a dentist or orthodontist licensed in their state of residence for assessment, diagnosis and, if appropriate, treatment. Their aligner treatment plans were thereafter approved by their respective treating dentist or orthodontist.

7. SDC, LLC uses a web-based platform built by non-party Twilio, Inc. to send the texts at issue.

8. To send the text messages at issue in the Complaint, SDC, LLC built an API (application programming interface) that allows SDC, LLC to utilize Twilio's web-based portal to transmit text messages to the mobile carriers.

9. Twilio is a "no frills" service. It merely provides a passive connection to mobile carriers. Twilio does not play any role whatsoever in drafting the messages determining to whom messages are sent, or message timing.

10. Apart from having built software that SDC, LLC can access, Twilio plays no functional role in the messages at issue in the Complaint.

11. Twilio's location is irrelevant to SDC, LLC. Though I oversee the technical aspects of the text message program, I have no knowledge of where Twilio is physically located. Twilio's sole material contribution to the transmission of messages is its servers, through which SDC, LLC's messages pass on their way to the mobile carriers and SDC, LLC's customers. The Twilio servers SDC, LLC connects to are, to the best of my knowledge, located in multiple states.

12. The messages SDC, LLC sends are not "touched" by Twilio in any material way, they simply ephemerally pass through Twilio's servers on the way to mobile carriers.

13. In all events, the messages SDC, LLC sends originate at its headquarters in Nashville, Tennessee, are drafted by SDC, LLC and are sent to recipients selected by SDC, LLC.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Dated: September 8, 2020

JUSTIN SKINNER

DECLARATION OF JUSTIN SKINNER