# **EXHIBIT B**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DAWAUN LUCAS, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>SMILEDIRECTCLUB, INC., and SMILEDIRECTCLUB, LLC,<br><br>    Defendants. | Case No. 2:20-cv-06059-VAP-E<br><br>**DECLARATION OF IAN KYLE WAILES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF HOOPER'S AND TASIN'S CLAIMS UNDER RULE 12(B)(3) AND MOTION TO TRANSFER ENTIRE ACTION UNDER SECTIONS 1406(A) AND 1404(A)**<br><br>Judge: Honorable Virginia A. Phillips |

I, Ian Kyle Wailes, declare, under penalty of perjury, that I am of legal age and sound mind and, based upon personal knowledge, due investigation and review of records kept in the ordinary course of business, that the following facts are true and correct.

1. I am the Chief Financial Officer at SmileDirectClub, Inc. ("SDCI") and have held that position since September of 2019.  I am also separately the Chief Financial Officer at SmileDirectClub, LLC ("SDC, LLC").  I have held that position since May of 2018.

2. In my position as Chief Financial Officer, I have personal knowledge of the corporate structures of SDCI and SDC, LLC, the offices and employees of each, the underlying text message program.

3. I have reviewed and am familiar with the Complaint in the action entitled *Lucas, et al. v. SmileDirectClub, Inc., et al.*, No. 2:20-cv-06059 (the "Complaint").

I. **CORPORATE INFORMATION & BACKGROUND.**

4. SDCI is a Delaware corporation with its principal place of business in Nashville, Tennessee.

5. SDC, LLC is a Tennessee limited liability company with its principal place of business in Nashville, Tennessee.  SDC, LLC is an indirect subsidiary of SDCI.

6. SDCI is a holding company.  Through its direct and indirect subsidiaries, SDCI is the industry pioneer and first direct-to-consumer medtech platform for teeth straightening.

7. SDCI has no offices or employees, let alone in California.

8. There are brick and mortar locations in California (known as SmileShops) with SmileDirectClub branding, wherein consumers can provide certain information about their dental and health histories, execute an Informed Consent Agreement, identify their chief complaint and have sophisticated and traditional photos taken of their teeth and gums.  The thousands of photos of taken by the sophisticated camera are fed into a computer program to generate a 3D image of the consumer's teeth and gums.  This is one of the ways that a consumer can provide the initial necessary patient information to state-licensed dentists and

orthodontists that are affiliated with professional dental practices who have chosen to engage SmileDirectClub for its dental support organization services and use of its teledentistry platform to treat their patients with clear aligner therapy. However, none of the California SmileShop locations are owned or operated by SDCI or SDC, LLC. These locations are owned and operated by a professional dental practice that has entered into a suite of agreements for SDC, LLC to provide its dental support organization services, including a licensing agreement, with a subsidiary of SDCI, for the licensing of SDC, LLC's intellectual property. The persons working at these locations are not employed by SDCI or SDC, LLC, directly or indirectly, and have no control over the text messaging at issue in the Complaint.

9. SDC, LLC has no offices in California. It has a handful of employees (15) working remotely in California, which account for less than 1% of its staff. None of the persons working in California have any control over the text messaging at issue in the Complaint.

## II. THE TEXT MESSAGING PROGRAM.

10. As it relates to the text messages at issue in the Complaint, the persons that create and oversee this program are employed by SDC, LLC.

11. All employees involved in creating and overseeing the text message program are located in Nashville, Tennessee, with the exception of one employee working remotely in Vermont.

12. All employees involved in approving and controlling the text message program are located in Nashville.

13. All decisions regarding to whom to send messages, when and what to send were made in and approved in Nashville.

14. The messages sent originate in Nashville.

15. All relevant document custodians, with the exception of the remote employee in Vermont, are located in Nashville.

16. Though the relevant employees are employed by SDC, LLC in Nashville, it bears noting that SDC, LLC's employees are largely working remotely during the COVID-19 pandemic. These employees will be returning to the Nashville office as soon as it is safe to do so.

17. The relevant witnesses and document custodians employed by SDC, LLC in Nashville (and who will be returning to the Nashville office once it is safe for employees to return to the office) include, at a minimum:

(i) John Sheldon, Chief Marketing Officer (John oversees the customer outreach and communications program and the text message program at issue in this case);

(ii) Justin Skinner, Chief Technology Officer (Justin oversees the technical side of the text message program at issue in this case, including the technology used to transmit the messages); and

(iii) Jessica Cicurel, Global Head of Customer Experience (Jessica oversees the account creation and consent process.

18. The employee working remotely in Vermont is Brandon Clark (Senior Manager, CRM), and he has knowledge concerning the text message program at issue, including the messages at issue and the technology used to transmit them.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Dated: September 8, 2020

IAN KYLE WAILES